IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INTERNATIONAL GUARDS UNION OF AMERICA, LOCAL 170**<br>1101 Capitol Heights Blvd.,<br>Capitol Heights Md, 20743<br><br>**Plaintiff,**<br><br>v.<br><br>**TRIPLE CANOPY, INC.**<br>13530 Dulles Technology Dr Ste 500<br>Herndon, VA, 20171<br><br>**Defendant.** | **Civil Action No.** |

**PETITION TO CONFIRM AND ENFORCE
AN ARBITRATION AWARD**

Plaintiff International Guards Union of America Local 170 brings this Petition pursuant to 39 U.S.C. §1208(b) and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, to confirm and enforce an arbitration decision issued by Arbitrator Alvin Wilson. In support, the Union alleges as follows:

1. This action is brought pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

2. International Guards Union of America Local 170 ("the Union") and Triple Canopy ("the Company") are parties to a Collective Bargaining Agreement ("CBA") that

1

provides for a grievance and arbitration process to resolve any issues that arise under the agreement.

3. The Company has refused to comply with an Arbitrator's Award issued in compliance with the terms of the grievance arbitration provisions of the CBA.

4. Pursuant to the LMRA, 29 U.S.C. § 185, and the FAA, 9 U.S.C. § 9, the Union is entitled to confirmation of the Arbitration Award and entry of judgment in conformity with the award.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Section 301 of the LMRA, 29 U.S.C. §185(a), and 28 U.S.C. § 1331.

6. Venue lies within this judicial district pursuant to Section 301 of the LMRA, 29 U.S.C. § 185(a) and 28 U.S.C. § 1391, because all the events underlying the contract violations for which the Union seeks enforcement of the arbitrator's award occurred in this District.

## PARTIES

7. Plaintiff Union is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(5). The Union represents Security Police Officers employed by the Company at the Department of Homeland Security at the St. Elizabeth facility in Washington, D.C.

8. Defendant Triple Canopy is a corporation organized and existing under the laws of Illinois, with its headquarters in Herndon, Virginia. Triple Canopy provides

armed security services to Government and other entities in Washington, D.C., and throughout the world. Triple Canopy is an employer engaged in interstate commerce within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(2).

## CAUSE OF ACTION
### Breach of the FAA and Section 301 of the LMRA

9. The Union represents for purposes of collective bargaining the Company's employees who work at the Department of Homeland Security at the St. Elizabeth facility in Washington, D.C.. The Union and the Company are parties to a collective bargaining agreement that sets forth the terms and conditions of employment for those employees. A copy of the CBA and extension in effect at the time of Grievant's discharge is attached hereto as **Exhibit A**.

10. The CBA contains a grievance and arbitration provision that is used to resolve disputes between the parties.

11. On October 10, 2024, the Union submitted a grievance charging that the Company had violated the CBA by terminating Grievant Marcus Owens without just cause, in violation of Articles 5, 9, 10, 11 of the CBA.

12. The Parties were unable to resolve this dispute through the grievance procedure specified by the CBA. In accordance with the terms of the CBA, the Parties selected an Arbitrator, Alvin Wilson, to here and resolve their dispute.

13. Arbitrator Wilson held a hearing on a mutually agreed date, March 4, 2025.

14. At that hearing, the Parties presented witnesses and documents to support their respective positions. Following the hearing, both Parties submitted Post-Hearing Briefs to the arbitrator.

15. Arbitrator Wilson issued his Arbitration Award on June 13, 2025. A true and correct copy of the Arbitration Award is attached hereto as **Exhibit B**.

16. Arbitrator Wilson held that the Company violated the CBA when it discharged the Grievant. The Arbitrator's determined that "the Employer did not have just cause when discharged the Grievant. The Grievant's discharge is overturned. The Employer shall reinstate him, immediately, with full seniority, back pay, and benefits paid for the time he was out."

17. Article 8, section 9 of the CBA provides that "[t]he arbitrator shall render a decision within 30 days of the Briefs being submitted. Decisions of the arbitrator, subject to the limitations set forth in this Agreement, shall be final and binding on the parties to this agreement." Per the CBA, Arbitrator Wilson's Award is final and binding.

18. On June 24, 2025, July 16, and July 28, 2025, counsel for the Union submitted back-pay and interim earning calculations to the Company's Director of Human Resources, Richard Eaton. On June 25, 2025, Eaton acknowledged the Company's obligations to reinstate Grievant and comply with the Award and indicated that this would be occurring; however, the Company has failed to do so, and has failed and refused to respond to any further inquiries demanding compliance with the Arbitration Award.

19. The Company is ignoring Arbitrator Wilson's Award and not taking any steps to comply with the Award, without any justification.

20. The Union and the Grievant are without any adequate remedy at law and are suffering irreparable injury because the Company has refused and is refusing to comply with its obligations under the CBA and the Arbitration Award of Arbitrator Wilson.

## RELIEF REQUESTED

The Union respectfully requests that the Court provide the following relief:

1. Confirm and enforce the Arbitration Award issued by Arbitrator Wilson;

2. Enter judgment against the Company and in favor of the Union;

3. Remand the case back to Arbitrator Wilson to issue an Award determining the exact amount of back-pay, back benefits, and interest to be awarded to Grievant Owens;

4. Award Grievant interest on all back-pay and benefits owing up to the date on which the Award is complied with and all sums ordered to be paid in the Award are received by Grievant;

5. award the Union its attorneys' fees and costs associated with having to bring this action to enforce the Company's obligations, which the Company has refused to honor without any justification (indeed, the Company has brazenly ignored the Award and the Union's request that it honor the Award); and

6. provide any other relief this Court deems proper.

November 19, 2025         Respectfully submitted,

/s/ Scott Kamins
Scott Kamins, Bar # MD0223
Offit Kurman P.A.
7021 Columbia Gateway Dr.
Suite 200
Columbia, MD 21046
(301) 575-0347 (phone)
skamins@offitkurman.com

4920-3224-6139, v. 1